IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANTIAGO JAIMES,

    Plaintiff,

v.

TJ UNITED GRILL, INC.,

    Defendant.

## COMPLAINT

Plaintiff, Santiago Jaimes, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendant TJ United Grill ("TJ" or "the Company"), states as follows:

### NATURE OF ACTION

1.    This is an individual claim based on Defendant's practice of compensating Plaintiff on a salary basis and failing to compensate Plaintiff for all hours worked or for overtime hours worked at an overtime rate, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL").

### JURISDICTION AND VENUE

2.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (right of action under the FLSA).

3.    This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4.    The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's facility located in Cook County. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Jaimes is an adult resident of Cicero, Illinois. He worked as a cook and dishwasher for Defendant from approximately December 2010 through approximately October 15, 2017. At all times, Defendant paid Plaintiff a flat salary per week, and did not pay Jaimes for all hours worked or at an overtime rate for hours worked in excess of forty (40) per week.

6. Plaintiff is an "employee" of Defendant within the meaning of the FLSA and IMWL.

7. Defendant TJ United is a restaurant in Chicago, Illinois. TJ United does business in Illinois, operates facilities in Illinois, and is registered with the Illinois Secretary of State.

8. Defendant is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

9. Defendant is subject to the overtime provisions of the FLSA and IMWL, and Defendant is an "employer" within the meaning of those statutes.

**STATEMENT OF FACTS**

10. Plaintiff began working as for the Defendant in 2010. He worked at the Cicero location from 2010-2014, and the Chicago location from 2014-2017.

11. Throughout his employment, Jaimes performed his job satisfactorily.

12. At all times, Plaintiff worked as a cook and/or dishwasher for the Defendant.

13. At all times prior to September 12, 2017, Defendant paid Plaintiff a weekly "salary" of $400 cash, regardless of the number of hours that Plaintiff actually worked.

14. From September 12, 2017 until Plaintiff stopped working for Defendant on or around October 15, 2017, Defendant paid Plaintiff a weekly "salary" of $450 cash, regardless of the number of hours that Plaintiff actually worked.

15. Plaintiff's "salary" was intended to compensate Plaintiff for forty hours of work, at a rate of $10.00 per hour.

16. Though Plaintiff's salary was intended to compensate him at a rate of $10.00 per hour, for the past several years, Plaintiff was regularly scheduled to work at least fifty-three (53) hours each week without any additional income beyond the salary listed above:

- Monday: 6:00 a.m. – 3:00 p.m.
- Tuesday: 6:00 a.m. – 3:00 p.m.
- Wednesday: OFF
- Thursday: 7:00 a.m. – 3:00 p.m.
- Friday: 6:00 a.m. – 3:00 p.m.
- Saturday: 5:00 a.m. – 2:00 p.m.
- Sunday: 6:00 a.m. – 3:00 p.m.

17. Pursuant to his schedule, Plaintiff worked at least fifty-three (53) hours per week each week that he was employed by the Defendant.

18. Defendant did not require Plaintiff to clock in or out of work, and did not accurately track or record the number of hours that Plaintiff worked each week.

19. Defendant did not pay Plaintiff any additional amounts if Plaintiff worked over forty hours in a week.

20. Defendant never paid Plaintiff any additional amounts as "overtime" compensation, at a rate of one and one-half Plaintiff's regular rate of pay.

21. Plaintiff was not exempt from any of the minimum wage or overtime provisions of state or federal law.

22. Defendant knew or should have known about its obligation to pay Plaintiff for each hour that he worked.

23. Defendant knew or should have known about its obligation to pay Plaintiff at a rate of one and one-half times his regular rate of pay for each hour that Plaintiff worked in excess of forty (40) hours per workweek.

## COUNT I
## FAIR LABOR STANDARDS ACT

24. The Plaintiff re-states and incorporates the above paragraphs as though fully set forth herein.

25. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Plaintiff at least the federal minimum wage for every hour worked, and for its failure to pay Plaintiff any overtime wages for all hours worked in excess of forty (40) per workweek.

26. Pursuant to the FLSA, Plaintiff was entitled to be paid at the applicable Illinois state minimum wage rate for each hour that the performed work for the Defendant.

27. Pursuant to the FLSA, for all weeks during which the Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated with overtime wages.

28. As set forth above, Defendant paid Plaintiff a flat rate of $400 cash for each week that he worked for the Defendant, even though Plaintiff often worked a significant amount of overtime each week.

29. As a result, Defendant failed to compensate Plaintiff at the federal minimum wage for each hour that he worked.

30. Defendant further failed to provide Plaintiff with any compensation at an overtime rate, for hours worked in excess of forty per workweek.

31. Defendant violated the IMWL by failing to compensate the Plaintiff with overtime wages all hours worked in excess of forty (40) per workweek.

32. Defendant's failure to pay at least minimum wage for all hours worked, and overtime wages for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

33.

WHEREFORE, Plaintiff Santiago Jaimes respectfully requests that this Court enter an order as follows:

    a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

    b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

    c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

    d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

    e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

    f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW

34. The Plaintiff re-states and incorporates the above paragraphs as though fully set forth herein.

35. This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay the Plaintiff at least the state minimum wage for every hour worked, and for its failure to pay Plaintiff any overtime wages for all hours worked in excess of forty (40) per workweek.

36. Pursuant to the IMWL, Plaintiff was entitled to be paid at the applicable Illinois state minimum wage rate for each hour that the performed work for the Defendant.

37. Pursuant to the IMWL, for all weeks during which the Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated with overtime wages.

38. As set forth above, Defendant paid Plaintiff a flat rate of $400 cash for each week that he worked for the Defendant, even though Plaintiff often worked a significant amount of overtime each week.

39. As a result, Defendant failed to compensate Plaintiff at the state minimum wage for each hour that he worked.

40. Defendant further failed to provide Plaintiff with any compensation at an overtime rate, for hours worked in excess of forty per workweek.

41. Defendant violated the IMWL by failing to compensate the Plaintiff with overtime wages all hours worked in excess of forty (40) per workweek.

42. Defendant's failure to pay at least minimum wage for all hours worked, and overtime wages for all hours worked over forty (40) per workweek is a willful violation of the IMWL, since Defendant's conduct shows that it either knew that its conduct violated the IMWL or showed reckless disregard for whether its actions complied with the IMWL.

WHEREFORE, Plaintiff Santiago Jaimes respectfully requests that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

f) Ordering such other and further relief as this Court deems appropriate and just.

Dated: June 8, 2018                           Respectfully submitted,

Alejandro Caffarelli, 6239078                 SANTIAGO JAIMES,
Madeline K. Engel, 6303249
Lorrie Peeters, 6290434                       By: /s/ Madeline Engel
Caffarelli & Associates Ltd.                      Attorney for the Plaintiff
224 N. Michigan Ave., Ste. 300
Chicago, IL  60604
Tel. (312) 763-6880